ROWE v. DYESS et al.   (No. 5471.) †
(Court of Civil Appeals of Texas.   San Antonio.
May 12, 1915.   Rehearing Denied
June 16, 1915.)

EXECUTORS AND ADMINISTRATORS ⬤—7—WITH-
DRAWAL OF ADMINISTRATION—RIGHT OF AS-
SIGNEE OF HEIR—STATUTE.

Rev. St. art. 3384, providing that at any
time after the return of inventory, appraisement,
and list of claims, any one entitled to a part
of an estate may file a complaint to cause the
administrator to render an exhibit of the con-
dition of the estate, and article 3385, providing
that the persons so entitled to such estate may
execute a bond for double its appraised value,
conditioned to pay all the unpaid debts against
the estate, and to pay the administrator any bal-
ance due him by the judgment of the court on
his exhibit, whereupon the court shall declare
the administration closed, the assignee of an
heir complying therewith was entitled to have
the estate withdrawn from administration.

[Ed. Note.—For other cases, see Executors
and Administrators, Cent. Dig. §§ 19, 20; Dec.
Dig. ⬤—7.]

Appeal from District Court, Wharton
County; Sam'l J. Styles, Judge.

Rowe & Doughty, of Houston, and G. G.
Kelley and W. L. Hall, both of Wharton, for
appellant. Durrett & Dyess, of Temple, and
H. A. Cline and Jno. A. Barclay, both of
Wharton, for appellees.

FLY, C. J. In the county court of Whar-
ton county appellees filed an application to
withdraw the administration of the estate of
John T. and Josephine Rowe from the court.
A plea to the jurisdiction and in abatement
were filed by appellant to the application of
appellees. The application to withdraw the
administration was denied by the county
court, and the cause was appealed to the dis-
trict court, where the application to with-
draw was granted. The appeal to this court
is from that order. There is no statement of
facts filed in this court, and of course any
and all assignments of error based on facts
cannot be considered.

It is admitted that appellees own the half
interest of S. P. Hill, an heir to one-half of
the estate, and the latter sought to join in
the application for withdrawal of adminis-
tration, but that privilege was denied him by
the court. There is nothing to show that any
debts existed against the estate, unless the
exhibit of the administrator be evidence, and
the record does not disclose to whom the re-
maining half of the estate belongs.

It is provided in article 3384, Revised Stat-
utes, that:

"At any time after the return of inventory,
appraisement and list of claims of a deceased
person, any one entitled to a portion of said
estate, as heir, devisee or legatee, or his guard-
ian, if he be a minor, may, by a complaint in
writing, filed in the court where such inven-
tory, appraisement and list of claims have been
returned, cause the executor or administrator
of the estate to be cited to appear at some regu-
lar term of the court and render an exhibit
under oath of the condition of such estate."

In the succeeding article it is provided that
"the persons so entitled to such estate, or any
of them, or any persons for them may ex-
ecute" a bond for an amount at least double
the appraised value of the estate conditioned
that the persons executing the bond shall pay
all the debts against the estate unpaid, that
have been allowed by the executor or admin-
istrator and approved by the county judge, or
that have been established by suit, or that
may be so established and will pay the ex-
ecutor or administrator any balance found
to be due him by the judgment of the court
on his exhibit. When the provisions of the
law are complied with it is made the duty of
the court to discharge the executor or admin-
istrator and declare the administration
closed.

It is not denied that every requirement of
the articles cited were fully complied with,
but the contention is that the assignee of an
heir, devisee, or legatee has no authority un-
der the statute to give the bond and with-
draw the estate from administration. The
case of Wadsworth v. Chick, 55 Tex. 241, is
cited as sustaining the proposition. The
opinion in that case is obscure, and not at all
satisfactory. However, it is not applicable
to the facts of this case. Mrs. Wadsworth
claimed that the decedent causa mortis, in
view of death, gave her the whole estate, and
sought to take possession by giving the bond
hereinbefore described. It was held that she
was neither heir, devisee, or legatee, and
could not obtain possession except by insti-
tuting suit in a court of competent jurisdic-
tion and proving that she owned the proper-
ty. The court did not undertake to say that
she could not have given bond and have ob-
tained possession of the property if she had
owned the property through a conveyance
from the heirs, devisees, or legatees. No
Texas case has ever so held.

In this case there was no contest as to the
ownership of one-half of the property being
in appellees, who had bought it from Hill, an
heir of decedent. No issue as to ownership
arose, the only question being: Did the ven-
dees of the heir to the estate have the same
rights given him as to the withdrawal of the
estate from administration? If taken liter-
ally, there is no provision in the statute giv-
ing authority to the assignee or vendee of an
heir, devisee, or legatee to withdraw the es-
tate, in which he has bought an interest,
from administration. The act in question is,
however, a remedial statute, its object being
to save the expenses of administration, which
is undoubtedly conducive to the public good.
The same benefit would accrue, the same

good be accomplished, the same beneficent ends attained by permitting the assignee or vendee of the heir, devisee, or legatee to withdraw the estate from administration as would be attained by the withdrawal at the instance of the heir, devisee, or legatee. The same arguments in favor of the one can be advanced as reasonably and forcefully in favor of the other. All the reasons which induced the passage of the law apply to the one class as the other. Remedial statutes must be construed most liberally to effectuate the remedy and gain the desired end, and the remedy in view and the end sought for in this case being the prevention of accumulated costs to estates and the placing of those entitled to the same in possession thereof without long delays, the Legislature must have intended to give the benefits of the law, not only to the heirs themselves, but to those who have purchased their interests in the estate. Courts should follow the reason and spirit of remedial statutes in order to accomplish the good to be attained in the one instance, or the evil to be destroyed in the other, and in doing these things courts are justified in going beyond the letter of the statute. "What is within the intention is within the statute though not within the letter; and what is within the letter but not within the intention is not within the statute." Sutherland, Stat. Constr. § 411. As said by the same author in section 410:

"A remedial statute must be construed, if possible, so as to correct the mischief at which it is aimed. * * * "

We think the object of the law in question was to authorize any one owning an interest in the estate to withdraw it from administration by complying with the terms of the statute.

The intention of the Legislature may be ascertained by the terms of like statutes bearing upon estates. For instance, in article 3263, Rev. Stats., it is provided that "when application is made for letters of administration upon an estate by a creditor, and those interested in the estate do not desire an administration thereupon, they can defeat such application" by either paying the creditor, by proving that the claim is not well-founded, or by giving bond to pay the debt if established in a suit. It cannot be doubted that under the terms of that statute the assignee or vendee of heirs to their portion of the estate could prevent the estate from being administered, for such vendee would be interested in the estate. If it be deemed expedient to lodge such power in a vendee in the inception of an administration, no sound reason can be urged against giving him power to withdraw the administration after it had been entered into. We draw the inference from the provisions of article 3263 that the Legislature intended to include within its provisions not only heirs, devisees, and legatees, but also their assignees or vendees.

Heirs, devisees, or legatees can alienate their interest in an estate, and in reason and common sense those who purchase from them should occupy the same position of advantage or disadvantage as that occupied by their vendors, and it will not be assumed that the Legislature intended to take from the assignee or vendee any power or authority given to the heir. No good could possibly result from withholding from a vendee of an heir the power of withdrawal of the estate from administration, and the same rights would be conserved in giving such vendee the power of withdrawal as in giving the authority to the heir. We cannot imagine that the omission in the law was one intentionally made, and that it would not have been remedied had it been deemed that the law was not full enough to include vendees, and it was the intention of the Legislature to extend the benefits and burdens of the statute to all persons interested in the estate, that is, every one owning a part of the estate. The Legislature may have deemed it unnecessary to mention vendees or assignees of heirs, devisees, and legatees, but reasonably concluded that they would occupy exactly the same relation to the estate as their vendors. The vendee does in truth obtain through his vendor all the rights of the latter in connection with the property, not expressly reserved by the vendor. So if the vendor has had adverse possession of the property for a certain length of time, that inures to the benefit of the vendee, and he can use that time in making out a title by limitation, although a strict construction of the statute would lead to the ruling that the possession must be held by one person for the statutory time. Courts have uniformly held, however, that those statutes mean that a person can avail himself of the adverse possession of those under whom he claims, although in article 5679 it is provided:

"That the person having such peaceable and adverse possession shall be held to have full title, precluding all claims."

The Legislature and the courts have acted on the principle that the vendee obtained all rights given by law to the vendor.

In article 3455 it is provided that heirs, devisees or legatees are not compelled to present their claims as such to an executor or administrator, and it has never been held, and it would be utterly unreasonable to hold, that the assignee or vendee of either of the persons mentioned would be required to present a claim for his part of the estate. The mere fact that he had a conveyance from the heir, devisee, or legatee, puts the vendee in the place of the vendor, and gives the vendee all the rights of the vendor. We are of the opinion that the irresistible conclusion must prevail that the deeds of S. P. Hill to appellees placed in their hands the rights given to heirs, devisees, or legatees by articles 3384, 3385, and 3386. It may be true, as claimed by appellant, that whenever by statute a right is given a particular class of persons

only such persons have the right given, but we are of opinion that appellees, as vendees of the heir to one-half the Rowe estate, were in the class with heirs, devisees, or legatees of the estate.

There is no merit in the contention that the court erred in allowing appellees one-half the estate "in face of paid claims of the estate," for their bond covered all the debts justly chargeable to their part of the estate. The judgment followed the statute.

The judgment is affirmed.