ROWE v. DYESS et al. (No. 84–2879.)

(Commission of Appeals of Texas, Section B. June 11, 1919.)

1. EXECUTORS AND ADMINISTRATORS ⊚⟹111(9) —ATTORNEY'S FEES—ADVERSE INTEREST.

Under Rev. St. 1911, art. 3623, as to allowance to executors and administrators for attorney's fees, the fact that an administrator's attorneys represented the administrator individually in the prosecution of his contested claim against the estate, and also in other matters for which fees were not properly chargeable against the estate, does not prevent allowance to the administrator of a reasonable sum as attorney's fees, based on value of services actually rendered by the attorneys for the benefit of the estate.

2. EXECUTORS AND ADMINISTRATORS ⊚⟹111(9) —ATTORNEY'S FEES—ADVERSE INTEREST.

An administrator is not entitled to allowance for attorney's fees in the prosecution of his claim against the estate, nor in his contest for appointment as administrator.

3. EXECUTORS AND ADMINISTRATORS ⊚⟹111(8) —ATTORNEY'S FEES—RESISTING EFFORT TO WITHDRAW ESTATE FROM ADMINISTRATION.

Where administrator resists an effort to withdraw the estate from administration, the allowance of attorney's fees therefor depends on whether he honestly believed the withdrawal was illegal; and such fees cannot be allowed where the right to withdraw was clear.

4. EXECUTORS AND ADMINISTRATORS ⊚⟹111(8) —ATTORNEY'S FEES—CONTESTING SUIT.

The propriety of defending a suit or proceeding against an estate must depend upon the apparent justice of the case; and, where an administrator acts in good faith, he will not necessarily be deprived of attorney's fees, even though he be mistaken as to the justice of the case.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Claim for attorney's fees by S. P. Rowe, as administrator, opposed by A. D. Dyess and another. Judgment allowing the claim was reversed and rendered by the Court of Civil Appeals (177 S. W. 523), and the administrator brings error. Judgment of Court of Civil Appeals, in so far as reversing judgment below, permitted to stand, and its action in rendering judgment reversed, and cause remanded to district court.

D. F. Rowe, Leonard Dougherty, G. C. Kelly, and W. L. Hall, all of Houston, and J. A. Ballowe, of Dallas, for plaintiff in error.

Durrett & Dyess and Edmund Heinsohn, all of Temple, and H. A. Cline and Jno. A. Barclay, both of Wharton, for defendants in error.

MONTGOMERY, P. J. This suit involves the propriety of an allowance of $1,000 to S. P. Rowe as administrator of the estate of John T. and Josephine B. Rowe, as attorney's fees for services rendered by attorneys in the administration of said estate.

S. P. Rowe was duly appointed temporary administrator of the estate of John T. and Josephine B. Rowe, and was subsequently appointed, and qualified, as permanent administrator.

This administration seems to have been unusually prolific of litigation:

(1) There was a contest between S. P. Rowe and S. P. Hill, the latter being one of the heirs of John T. and Josephine B. Rowe, as to the right to administer; and this matter was tried both in the county and district courts, and resulted in the appointment and qualification of S. P. Rowe.

(2) There was an unsuccessful effort on the part of S. P. Hill to withdraw the estate from administration.

(3) A. B. Dyess and H. A. Cline, to whom S. P. Hill sold and conveyed his entire interest in the estate, attempted to withdraw

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the estate from administration. This matter was tried in the county court, and the application to withdraw was refused. On appeal to the district court, the court entered judgment for the applicants, withdrawing the estate from administration, and directing the administrator to deliver to the applicants one-half of the estate. An appeal was prosecuted from this judgment to the Court of Civil Appeals, and was by it affirmed. 177 S. W. 521. A writ of error was granted by the Supreme Court, and that matter here finally disposed of. 213 S. W. 232.

(4) S. P. Rowe presented a claim against the estate for $7,000, for services rendered to John T. and Josephine B. Rowe during their lifetime. This claim was contested by Dyess and Cline, and was finally disposed of in the Court of Civil Appeals. 177 S. W. 1001.

The claim here involved of $1,000 is an allowance made by the county court to the administrator as an attorney's fee under the provisions of article 3623 of the Revised Statutes. This claim for attorney's fees was contested by A. B. Dyess and H. A. Cline, to whom S. P. Hill had transferred his interest in the estate. The claim for attorney's fees was sustained by the county court, and on appeal by the district court. Dyess and Cline appealed to the Court of Civil Appeals, which .court reversed the judgment of the district court, and rendered judgment, denying the administrator any allowance for attorney's fees. 177 S. W. 523. Writ of error in this case was granted upon application of the administrator.

It appears that the administrator employed three attorneys to represent him as administrator in administering the estate. As we understand the record, there was no express agreement as to what services were to be performed, except that the attorneys were to perform such services as were proper and necessary in the administration of the estate.

It does not appear that the employment was authorized by the court in advance, or that the amount of the attorney's fees to be paid was fixed by the court. These attorneys advised and assisted S. P. Rowe as temporary administrator, and also represented him in all matters with reference to the permanent administration.

They also appeared for S. P. Rowe, and represented him in the contest for letters of administration between Rowe and S. P. Hill. They acted as attorneys for the administrator, and contested the application of Hill to withdraw the estate from administration, and also in the controversy between S. P. Rowe and Dyess and Cline, in which it was again sought to withdraw the estate from administration.

The same attorneys represented S. P. Rowe in the presentation and prosecution of his claim against the estate for $7,000 for services claimed to have been rendered to John T. and Josephine B. Rowe. The attorneys performed various other services for the administrator in the course of the administration.

[1] It seems to be admitted that the attorneys performed some services for the administrator for which compensation could be legally allowed. The Court of Civil Appeals concedes this much. Its judgment is founded upon the proposition that, as the attorneys in some of the proceedings represented Rowe individually in the prosecution of a contested claim against the estate, and also in several other matters for which fees were not properly chargeable against the estate, therefore the administrator was entitled to no allowance as attorney's fees.

We cannot accede to this proposition. The right to an allowance for attorney's fees is not based on a contract between the attorneys and the administrator. The amount is not determined by any agreement on the part of the administrator, but by the reasonable value of the services rendered for the benefit of the estate. The court is made the judge, not only of the necessity of employing an attorney, but of the value of his services. In fact, the allowance is not to the attorney, but to the administrator. Article 3623, Revised Statutes, reads as follows:

"Executors and administrators shall also be allowed all reasonable expenses necessarily incurred by them in the preservation, safe-keeping and management of the estate, and all reasonable attorney's fees that may be necessarily incurred by them in the course of the administration."

This statute we think clearly indicates that the court shall determine whether the services were necessary, and also the amount of compensation to be paid.

In this case, we do not think that the fact that the attorneys represented the administrator in the prosecution of his individual claim against the estate, and in the contest for letters of administration should have the effect of preventing an allowance to the administrator of a reasonable sum as attorney's fees, based upon the value of the services actually rendered by the attorneys for the benefit of the estate.

In a case where a claim made by the administrator himself against the estate is contested, or where the administrator is interested adversely to the estate, we do not think that he should be permitted to select the attorney to represent the estate. In such cases, if in the opinion of the court the services of an attorney are necessary for the protection of the interests of the estate, we think the county court would have authority to select an attorney to represent such interests.

In this case, the estate should pay for

only such services as the attorneys rendered in the interest of the estate. The fact that the attorneys who performed services for the estate, at the request of the administrator, also represented the administrator individually in presenting and prosecuting a claim against the estate should not deprive the administrator of all allowance for attorney's fees. Of course, for such services they are not entitled to any compensation from the estate, but should be paid by the administrator individually. The same attorney, we think, could with perfect propriety represent the estate in resisting one claim against it, and represent another claimant in a suit against the estate. The duties of the attorney depend on the terms of his employment. If he is retained to represent an individual or an estate in all matters affecting him or it, then any employment inconsistent with the duty imposed by the contract might forfeit his rights under the contract; but where an attorney is called upon to, and does, perform services for an estate, and afterwards takes employment against it in another matter, in no way connected with the matter involved in the original employment, he does not thereby forfeit his right to compensation.

[2] Our conclusion in this case is that the administrator is not entitled to any allowance for attorney's fees in the prosecution of his claim against the estate, nor is he entitled to such attorney's fees in his contest for the appointment as administrator.

[3, 4] We think that in resisting an effort to withdraw the estate from administration, the allowance of fees depends upon whether in resisting such effort the administrator acts in good faith and under the honest belief that the attempted withdrawal is illegal. It certainly is his duty not to surrender the trust property to one not entitled thereto. In this case it seems that the county court refused the application to withdraw the estate, and we think that the administrator and the court were justified in opposing such withdrawal. If the right to withdraw had been clear, the administrator would not have been justified in contesting it. The propriety of defending a suit or proceeding against an estate must depend upon the apparent justice of the case; and, where an administrator acts in good faith, he will not necessarily be deprived of attorney's fees, even though he be mistaken as to the justice of the case.

It follows from what we have said that our conclusion is that the Court of Civil Appeals erred in reversing and rendering judgment. From the record in this case, it appears that the county and district courts in fixing the amount of attorney's fees probably made some allowance for services not properly chargeable against the estate. There was evidence admitted tending to show the value of certain services which were not properly chargeable to the estate, and we have no means of determining whether in making the allowance the court considered said matters. We think, therefore, that the judgment of the Court of Civil Appeals, in so far as it reversed the judgment of the district court, should be permitted to stand; but that its action in rendering judgment should be reversed, and that this case should be remanded to the district court for proceedings not inconsistent with this opinion.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the questions discussed.

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes