## MATHEWS v. AUTRY et al.
### No. 7882.

Court of Civil Appeals of Texas. Austin.

Nov. 9, 1933.

Chas. Gibbs, Glenn R. Lewis, J. W. Stovall, and Smith & Neill, all of San Angelo, for appellant.

Collins, Jackson & Snodgrass and Upton & Upton, all of San Angelo, and Marshall Thomas, of Dallas, for appellees.

BAUGH, Justice.

Appeal is from a judgment of the district court in a trial upon certiorari to the county court, involving a claim for services rendered to the former guardian of the estates of Lennie L. Mathews et al., minors, by S. C. Autry, attorney for such guardian.

Mrs. J. C. Mathews, the paternal grandmother of said minors, was appointed guardian of the estates of said minors in July, 1926, after J. H. Mathews, the present guardian and father of said minors, had waived his right to such appointment. It appears that Mrs. J. C. Mathews was wholly inexperienced in such matters, selected S. C. Autry as her attorney, agent, adviser, and business manager in handling the estates of said minors, and left all matters in connection with same entirely in his hands. The lands of said minors were situated in or adjacent to the Yates oil field, and, upon the discovery of oil there, became very valuable, and involved in much litigation. Autry, in addition to representing said guardian in litigation, and under orders of the probate court, sold royalties in said lands aggregating some $262,000, and attended to the collection and investment and reinvestment of same, and paying out the expenses of such guardianship. Mrs. Mathews filed no annual accounts as required by law, and it appears that Autry began handling transactions on behalf of said minors in his own name, depositing considerable portions of their moneys to his personal account, and paying out same by personal checks. In December, 1929, Mrs. J. C. Mathews, upon motion of J. H. Mathews, her son and father of said minors, was removed, and J. H. Mathews was appointed guardian of the estates of said minors, and qualified as such on December 27, 1929.

On October 25, 1930, ten months after Mrs. Mathews' removal as guardian, S. C. Autry filed in the probate court, duly verified, what he termed a statement of his account with the estates of said minors, wherein he showed collections of money belonging to said minors and deposited to his personal account, without giving any dates of such collections, sums aggregating $36,472.88; and showing disbursements, likewise undated, for various items, including personal expenses, aggregating $31,152.39. In this statement he also set up a claim for 15 per cent. on $262,026.26, sales of royalties in said minors' lands amounting to $39,303.33, credited this sum with payment by Mrs. J. C. Mathews of $31,140 as attorney's fees, leaving a balance of $8,163.93, with which he credited the $5,320.49 excess of his collections over his disbursements, leaving a claimed balance due him for services rendered the estates of said minors of $2,843.-44. This statement was approved by the probate court on the same day it was filed and the guardian ordered to pay him such balance. It was never presented as a claim to J. H. Mathews, then guardian, who had no notice of it; nor was it entered on the claim docket of the probate court. The claim and the probate court's order approving and ordering it paid were attacked on numerous grounds in appellant's application for certiorari to the district court, and a trial de novo had thereon. In response to special issues submitted, a jury found that the value of S. C. Autry's services to Mrs. Mathews, guardian, was $30,000; and that he had incurred no necessary expenses in connection with the handling of the estates of said minors. The latter inquiry related to an item of $4,117.25, claimed by Autry as personal expenses on behalf of said estates. On the trial in the district court, Autry admitted having received and deposited to his personal account $4,927.50 belonging to said minors, in addition to the sums shown in his statement filed in the probate court, which sum he alleged and testified that he had overlooked, giving said estates credit for in his original stated account. The district court thereupon restated said account, allowing Autry $30,000 for his services, decreed that same had been paid in the $31,-140 received by him, disallowed the personal expense item of $4,117.25, declined to adjudicate any other items involved in said claim, but left them to be subsequently adjudicated in proper proceedings in the proper court, and ordered such judgment certified to the probate court for observance.

This appeal is by the present guardian from that judgment.

Appellant's first contention is that, because Autry's claim was never presented to nor allowed by the guardian, nor placed upon the claim docket, the probate court was without jurisdiction to approve it or to or-

der its payment; and that therefore the district court could do nothing but vacate, set aside, and hold for naught such void order, and was without power to restate such account or claim of Autry.

The method prescribed by statute of establishing the claim of a third party either against an estate of a decedent or that of a minor is to present same to the administrator or to the guardian and have same allowed or rejected, and, if rejected, to establish it by suit in a court of competent jurisdiction. Chapter 18, title 54 (article 3502 et seq.), and chapter 11, title 69, R. S. 1925 (article 4239 et seq.). If Autry had undertaken to establish his claim in the usual manner as a fixed indebtedness against the estates of the minors, he clearly should have pursued the course prescribed by the statutes. However, appellant himself has not treated it as the claim of a third party under chapter 11, title 69, R. S. 1925, but rather as an account for attorney's fees and expenses incurred in the management and preservation of said estates under article 4312, R. S. Were it deemed a claim of a third party against the estates of said minors as contemplated in chapter 11, supra, there would be serious doubts as to appellant's right to review the trial court's order thereon by certiorari. In guardianship matters it has been held that such review in the district court is by appeal only under article 4252, R. S. See De Cordova v. Rogers, 97 Tex. 60, 75 S. W. 16; Bolton v. Baldwin (Tex. Civ. App.) 57 S.W.(2d) 957, 961; 21 Tex. Jur. 293. But, being governed by article 4312, R. S., compliance by Autry with chapter 11, title 69, relating to presentation and allowance of such claims, was not required. The value of such services not being capable of definite ascertainment in advance, Autry was not required to file his account as such claim. While a better course would perhaps have been to present such statement to the new guardian, failure to do so did not deprive the probate court of jurisdiction to act upon it. Greer's Estate v. Cooper (Tex. Civ. App.) 50 S.W.(2d) 345; Rowe v. Dyess (Tex. Com. App.) 213 S. W. 234. The value of such services as Autry rendered and the necessity therefor were both primarily matters for determination by the probate court, rather than by the guardian; and the allowance therefor is in reality one to the guardian, rather than to the attorney. Rowe v. Dyess, supra. Clearly, therefore, the probate court had jurisdiction to pass upon the matter, and article 4312, R. S., makes it the duty of the court to determine by satisfactory proof the necessity for, and value of, the services rendered.

■ It is true that Autry represented the guardian, not only as attorney, but also in the capacity of adviser in managing the estates of the minors, and as broker in the sale of the minors' royalties. The right to compensation for services in the latter capacity did not necessarily depend upon authority given to the guardian in advance by order of the probate court to so employ him. While employment of brokers in such cases should be done only when necessary (Jones, Adm'r, v. Gilliam, 109 Tex. 552, 212 S. W. 930), we find no attack made on said account of Autry in appellant's application for certiorari on the ground that the services, for which he sought compensation, were not necessary, nor that they should have been performed by the guardian herself without his aid. The attack made in the application for certiorari was that the claim presented to the probate court was a nullity because not first presented to the guardian and entered upon the claim docket; that numerous separate items in said account were not proper charges against the estates of said minors; that his services as broker and business adviser had not been authorized by the probate court; and that his charges for the alleged services were unjust and unconscionable in amount. All these matters relate to the amount of the compensation he would be entitled to, and not to his right to a reasonable compensation for such proper or necessary services as he rendered. Appellant's prayer in his application was that the district court hold void the probate court's order approving the account of Autry, and that said account be corrected and restated.

■■ While the trial is de novo in the district court, that court must confine its inquiry to the grounds of attack set forth in the application for writ of certiorari. Article 939, R. S.; 21 Tex. Jur. 377, and cases there cited. Though appellant excepted to the issue submitted to the jury on numerous grounds, none of them raised the issue as to the necessity of the services of Autry in the general capacities in which he admittedly acted with the consent and approval of the guardian. It may also be observed that the only assignment brought forward with reference to the trial court's action on appellant's objections to the charge is that the court erred in overruling his exceptions 2 to 11, inclusive, to the charge. These exceptions set forth numerous, varied, and distinct objections, and it is therefore apparent that such an assignment is multifarious and need not be considered. Cammack v. Rogers, 96 Tex. 457, 73 S. W. 795; Largent v. Etheridge (Tex. Civ. App.) 13 S.W.(2d) 974.

■ The issue submitted was what "would be reasonable compensation to S. C. Autry for the services rendered Mrs. J. C. Mathews, Guardian, and the estate herein, during the time he represented her as such Guardian." No instruction was requested and none given limiting the character of services rendered by Autry for which compensation could properly be paid. In approving the account for services rendered,

the probate court must have found that such services were reasonable and necessary. In the district court trial it was incumbent upon the appellant to show the contrary. While we think the evidence clearly indicated that some of the services claimed to have been rendered by Autry were not such as were properly chargeable to the minors' estates as expenses of administration, and that others should properly have been charged to the guardian individually and paid out of the commissions allowed to her, no issues were requested by appellant as to the value of Autry's services in his different capacities; i. e., as attorney for the guardian, as business adviser, and as broker in the sale of said royalties. Absent a request by appellant that such items be severed and found separately, or any request for an instruction thereon by the trial court eliminating from jury consideration services not properly chargeable against the estates of the minors, appellant will be held to have waived such issues.

While the record discloses that in many instances the estates of said minors were managed and handled in a careless and unauthorized manner and in utter disregard of the probate laws, that Mrs. J. C. Mathews was not a proper person to act as guardian of said estates, and that S. C. Autry failed in many respects to follow the provisions of the guardianship statutes, the only issue here presented is the value of the services rendered by him. There is no contention that he was not entitled to reasonable compensation for such services as he properly rendered. The jury, after hearing all the evidence, found upon sufficient evidence on that issue what his services were worth. That being a fact issue, we are not authorized to disturb their findings.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Affirmed.