## MacVEAN v. SAUERMANN et al.
### No. 10631.

Court of Civil Appeals of Texas. Galveston.
Nov. 10, 1938.

Rehearing Denied Dec. 8, 1938.

Edward S. Boyles, Bruce C. Billingsley, and Willard L. Russell, all of Houston, for appellant.

Vinson, Elkins, Weems & Francis and Fred R. Switzer, all of Houston, for appellees.

W. E. MONTEITH, Special Commissioner.

This proceeding in certiorari was filed in the district court of Harris County by Margaret A. MacVean, seeking to review

an order of the county court of Harris County denying an application to probate a will of W. O. Sauermann, dated March 26, 1934, and granting an application to probate a will of the said W. O. Sauermann dated June 22, 1934.

The pertinent facts are as follows: On March 26, 1934, W. O. Sauermann executed a will in which, after making other bequests, he left one-fourth of the residue of his estate to Margaret A. MacVean. On June 22, 1934, the said W. O. Sauermann executed another will practically identical with the first will, except that in this will he bequeathed said Margaret A. MacVean $4500 in cash. In both wills John H. Crooker was designated Independent Executor, and both wills were duly attested by Charles A. Perlitz and James C. Boone with all necessary legal formalities. W. O. Sauermann died in Houston, Harris County, Texas, on November 27, 1934. On January 5, 1935, John H. Crooker filed an application in the probate court of Harris County to probate the will dated March 26, 1934, and on February 25, 1935, Helen J. Sauermann filed an application to probate the will dated June 22, 1934. On December 11, 1935, the judge of the probate court entered a decree admitting the will of June 22, 1934, to probate. Appellant filed an appeal bond but did not perfect her appeal, and on April 22, 1936, she filed in the district court of Harris County her application for writ of certiorari, which was duly granted. The cause was there tried with a jury and submitted upon special issues, resulting in a verdict and judgment in favor of the defendant, appellee herein, from which judgment plaintiff, appellant herein, prosecutes this appeal.

On the two issues submitted to the jury under the court's charge, the jury found, first, that the instrument dated June 22, 1934, and offered as the will of W. O. Sauermann, deceased, was not executed by him as the result of undue influence exerted upon him by his wife, Helen J. Sauermann, and second, that at the time W. O. Sauermann executed the will dated June 22, 1934, he did intend such instrument to be a valid will.

Appellant predicates her appeal on the contention that W. O. Sauermann did not intend the instrument dated June 22, 1934, to be a valid will, but that it was executed for the purpose of satisfying his wife, and contends further that the said W. O. Sauermann executed said will under the assurance of his attorney that it was not a valid will and that it would not be probated; that the preponderance of the evidence was against the findings of the jury in response to both of the issues submitted, and that the trial court committed reversible error in admitting in evidence, over appellant's objections, certain deeds and transfers from W. O. Sauermann executed subsequent to March 26, 1934, conveying to Helen J. Sauermann property which appellant claimed was still the property of the estate of W. O. Sauermann, deceased.

The grounds on which appellant based her contest of the probate of the will dated June 22, 1934, in the county court were, "that said writing dated June 22, 1934, was executed by W. O. Sauermann when he was mentally incompetent, incapable of decision, and without testamentary capacity," and "as a result of the persuasion, threats, and insistence of the said Helen J. Sauermann, and as a result of the undue influence exerted on him by the said Helen J. Sauermann while he was in the mentally incompetent state aforesaid."

Article 939 of the Revised Statutes, which refers to the review by certiorari by the district court of a judgment of a county court, provides: "The cause shall be tried de novo in the district court, but the issues shall be confined to the grounds of error specified in the application for the writ." Appellant, both in her original contest filed in the county court and in her original and amended petitions for certiorari, based her attack on the county court's action in both denying probate of the will dated March 26, 1934, and in admitting to probate the will dated June 22, 1934, on mental incapacity and undue influence.

■ Appellant was unquestionably entitled under her pleadings to have the issue of undue influence submitted to the jury. This issue, however, was answered by the jury in the negative. The issue as to whether, at the time W. O. Sauermann executed the will dated June 22, 1934, he intended such instrument to be a valid will, not having been pled by appellant either in her original contest in the county court or in her original or amended applications for certiorari, she was not entitled to have said issue submitted to the jury, since the district court must confine its inquiry to

grounds of attack stated in the application for writ, though trial is de novo. Wilson et al. v. Fisher et al., Tex.Civ.App., 105' S.W.2d 304; Mathews v. Autry, Tex.Civ. App., 65 S.W.2d 798.

Further, it was held in the case of Schwind v. Goodman, Tex.Com.App., 221 S.W. 579, that on certiorari the findings of the court as to the existence of an order set up by amended pleading, which was not pled in original application for certiorari, would be disregarded as surplusage.

No error was committed by the trial court in admitting in evidence deeds and transfers from W. O. Sauermann to Helen J. Sauermann, executed subsequent to the date of the execution of the will dated March 26, 1934, for the purpose of showing the value of the estate of W. O. Sauermann at the time of his death, in order to enable the jury to determine whether or not the plaintiff had sustained an injury from the refusal of the court to allow said will to be probated. Robertson v. National Spiritualists' Association, Tex.Civ.App., 25 S.W.2d 889; Comstock v. Lomax et al., Tex.Civ.App., 135 S.W. 185.

For the reasons above stated, the judgment of the district court is affirmed.

Affirmed.

Opinion adopted by the Court.