James H. BOWEN, Appellant,

v.

MERRITT, INCORPORATED, Appellee.

No. 16848.

Court of Civil Appeals of Texas.

Fort Worth.

June 30, 1967.

Rehearing Denied July 21, 1967.

**314**

Fulgham & Grogan, Weatherford, Herrick & Waltrip, and John W. Herrick, Fort Worth, for appellant.

Harris & Ball, and Chester G. Ball, Arlington, for appellee.

## OPINION

LANGDON, Justice.

A collision occurred in Parker County, Texas, at about 4:10 P.M. on May 13, 1966, between an automobile driven by James H. Bowen, appellant, and a bobtail truck which was loaded with grain. The automobile was headed East on U. S. Highway 80 and the truck owned by appellee and driven by its employee, Roscoe Young, was headed north on F. M. Road 5 (the Aledo Road) and had proceeded onto the highway after having stopped for several minutes at a "yield right-of-way" sign. The collision resulted in personal injuries to appellant and damages to the automobile for which this suit was initiated. The case was tried to a jury. It found that the plaintiff (appellant) failed to timely apply his brakes (Issue 15); that such failure was a proximate cause (Issue 16); that he was driving at a greater rate of speed than a person of ordinary prudence (Issue 17) which was a proximate cause (Issue 18). Based upon these findings of contributory negligence, judgment was rendered for Merritt, Inc., the appellee.

Appellant, by eight points of error, contends that there is no evidence of probative force to sustain the findings of the jury in response to said four issues and that each of such findings is against the overwhelming weight and preponderance of the evidence.

We affirm.

The entire record in this case has been carefully reviewed by this court. In our opinion there is ample evidence to support the findings of the jury in response to the

above issues as to contributory negligence and such findings are not against the overwhelming weight and preponderance of the evidence.

The evidence developed in this case, which is more or less undisputed, as to speed, distance between vehicles and their location at various times, skid marks, path and direction of the vehicles, condition of the roads and of the weather, dry, clear, daylight, force of the impact, damage to the vehicles and other related matters will support the verdict of the jury. The plaintiff admits that he saw the grain truck starting to move from a distance of 300 yards, the point at which it was first observable to him, and that he was going 65 miles per hour. The jury could readily conclude from the zig zag route of the car, the 86 feet of skid marks on the pavement and the shoulder of the highway, the impact with the truck, the distance it rammed under the truck and the damage to the car, that the plaintiff was driving at a greater rate of speed than a person of ordinary prudence under the circumstances, and that he did not meet the test of a person of ordinary prudence in timely applying his brakes and that each of such findings was a proximate cause of the collision.

Appellant attaches some significance to the jury findings that he did not fail to keep a proper lookout and that his failure to turn to the left was not negligence. Undoubtedly the jury believed that he kept a proper lookout because he saw the truck as soon as he topped a rise on the highway but that thereafter he did not conduct himself as an ordinary prudent person. Had he done so there would have been no necessity to turn left.

■ A recitation of the testimony pro and con is deemed unnecessary. Suffice it to say that some of these matters and others were disputed. These contested issues were resolved by the jury. A showing that there was evidence upon which the jury could or might have found oth-

erwise is not sufficient to justify a reversal.

In Parr v. Herndon, 294 S.W.2d 162, 164 (Fort Worth Civ.App., 1956, Ref. n. r. e.), it was held: "It was for the jury to determine, under all the circumstances, whether the rate of speed at the particular time was excessive, and, if so, whether such speed was negligence and a proximate cause of the collision." See also McClelland v. Mounger, 107 S.W.2d 901 (Amarillo Civ. App., 1937, Dism. Agr.); Seay v. Kana, 346 S.W.2d 384 (Houston Civ.App., 1961, no writ hist.); Permian Mud Service, Inc. v. Sipes, 339 S.W.2d 81, (Eastland Civ. App., 1960, no writ hist.); Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958); Joe D. Hughes, Inc. v. Moran, 325 S.W.2d 829 (Fort Worth Civ.App., 1959, Ref. n. r. e.); and Intges v. Dunn, 311 S.W.2d 877 (Houston Civ.App., 1958, Ref. n. r. e.). The Intges case contains a discussion of the duties of a party approaching an intersection.

■ "'No evidence' points must, and may only, be sustained when the record discloses one of the following situations: (a) a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; (d) the evidence establishes conclusively the opposite of the vital fact." 38 Tex.Law Review, pp. 361, 362.

■ Subdivisions (a) and (b), above, have no application to the record or the facts in this case. As to (c) we have viewed the evidence in its most favorable light in support of the findings of the jury upon which the judgment of the Court is based, considering only the evidence and the inferences which support the findings and rejecting the evidence and the inferences which are contrary to the findings. In the application of this test we have determined that all of the findings of the jury, upon

which the Court based its judgment, are supported by ample evidence. Having reached this conclusion it follows that Subdivision (d) has no application.

" 'Insufficient evidence' points may, and should, be sustained when the record discloses either of the following situations: (a) the evidence is factually insufficient to support a finding of a vital fact, or (b) the finding of a vital fact is so contrary to the great weight and preponderance of the evidence as to be clearly wrong." 38 Tex. Law Review, pp. 361, 366, supra. Neither (a) nor (b) has any application to the facts revealed by this record.

Jurors are the exclusive judges of the controverted issues of fact raised by the evidence, of the weight to be given the evidence, and the inferences to be drawn therefrom. They are the exclusive judges of the credibility of the witnesses. "The law does not attempt to tell jurors what amount or kind of evidence ought to produce a belief in their minds. They may believe a witness although he has been contradicted. They may believe the testimony of one witness and reject the testimony of other witnesses. They may accept part of the testimony of one witness and disregard the remainder." McCormick & Ray, Texas Law of Evidence, p. 5, § 3; Austin Fire Ins. Co. v. Adams-Childers Co., 246 S.W. 365 (Tex.Com.App., 1923, adopted by Tex. Supreme Court). In judging the credibility of the plaintiff, the jury was undoubtedly influenced by the fact that on direct testimony he stated he had a ninth grade education, whereas in an application for employment he represented that he had seven years of grammer school, four years high school and six months of college.

"The mere fact that a verdict is against the preponderance of the evidence will not authorize a reviewing court to set it aside, if there is some evidence to support

it, or evidence that would support a verdict either way. The court of civil appeals will set aside the verdict and findings of a jury only in cases where they are so against such a preponderance of the evidence as to be manifestly unjust or clearly wrong, or where they show clearly that the finding or verdict was the result of passion, prejudice, or improper motive, or in such obvious conflict with the justice of the case as to render it unconscionable." 4 Tex.Jur.2d, p. 395, § 838, and authorities cited therein.

"The findings on conflicting evidence are usually regarded as 'conclusive,' 'binding,' or 'decisive,' and will be 'adopted' or 'accepted' as the findings of the appellate court, unless some good reason is presented that would justify the court in taking some other view.

"A jury finding on facts will not be set aside because it does not appear to be clearly right; it must appear to be clearly wrong before the appellate court will disturb it.

"The fact that the appellate court would not have found as the jury did is not the test to be applied on appeal. The true test is that made by the jury, on firsthand evidence, adduced before them from living witnesses whose credibility and the weight to be given their testimony were determinable by the jury. Where the jury's findings are in accord with the testimony of different disinterested witnesses, the fact that there is other testimony to the contrary does not authorize the appellate court to overturn the verdict. * * * " 4 Tex.Jur. 2d 390, § 837, and authorities cited therein. See also p. 375, § 832, same text.

In the application of the rules of law and the authorities above referred to, we overrule all points of error relating to the quantity or quality of the evidence supporting the findings of the jury upon which the Court based its judgment.

Affirmed.