Willie Pearl BARR, Appellant,

v.

James Herrin GRIFFIN, Appellee.

No. 5682.

Court of Civil Appeals of Texas, Waco.

July 28, 1977.

Rehearing Denied Aug. 18, 1977.

Burt Berry, Dallas, for appellant.

Timothy E. Kelley, P. C., Dallas, for appellee.

HALL, Justice.

The judgment questioned on this appeal recites that it was based upon the parties' compromise and settlement agreement. Among other grounds for reversal, appellant contends the settlement agreement had been disavowed by her when the judgment was rendered. We sustain this contention and reverse the judgment.

Appellee, James Herrin Griffin, filed application to be appointed temporary guardian of the person and estate of appellant, Willie Pearl Barr, reciting that he was appellant's nephew, that appellant is senile and incompetent and that by reason of undue influence of others, appellant had wasted or was going to waste her personal estate valued at $65,000. The application was granted without a declaration that appellant was incompetent and without notice to appellant. Upon notice, appellant contested the application asserting she was not incompetent, and moved the court to set aside the order of appointment. When the contest came on for hearing on January 15, 1976, the parties announced to the court that they had compromised and settled their differences and agreed to an arrangement (which we need not detail) concerning certain certificates of deposit owned by appellant; agreed that appellant is competent to handle her estate; agreed that the attor-

neys for both the guardian and appellant would be paid out of appellant's estate; and that "funds belonging to [appellant] in excess of the court costs and attorneys fees be restored to her." The court announced that it was approving the agreement and, in effect, ordered the agreement entered as the judgment of the court. However, at that time the amounts of attorneys' fees to be awarded were unliquidated and uncertain, were not agreed upon by the parties, and were not set by the court. The order was not reduced to writing.

The record shows these undisputed facts: Appellant is 77 years of age. She has been a widow for 20 years. She works nine hours every day six days per week. She has worked for twenty-five years. She is never ill. She lives alone and cares for herself and her home completely by herself. She was in the process of personally painting her house when she was served with citation in this case. She and her husband built the house. Another suit is pending in another court between her and some of her relatives over the ownership of the house. Certain of her relatives (including appellee) claim that other relatives are exerting undue influence toward appellant relating to her personal property which consists of cash, certificates of deposit, and savings and checking accounts. All this property is the result of appellant's personal earnings.

On March 16, 1976, appellee filed a motion to require "Willie Pearl Barr, Incompetent," her attorney, and others, to comply with "the order of January 15, 1976," by turning over to appellee certain certificates of deposit for liquidation and payment by him "of all expenses, costs and legal fees of this temporary guardianship." The motion was heard on April 23, 1976. At this hearing, appellant vigorously contested the payment of any attorneys' fees or expenses of the guardianship from her estate asserting she was not incompetent and no service had been rendered her by the temporary guardi-

anship, and stated she did not want to relinquish ownership of her certificates of deposit. The court then determined for the first time the amount of attorneys' fees and guardian's expenses to be awarded under the purported agreed judgment, and set those fees and expenses in the total amount of $15,737.73. The court then signed and filed the judgment now under attack which recites that it is based upon a settlement agreement of the parties approved by the court on January 15, 1976; orders appellant to turn over certain certificates of deposit to appellee; recites "that the court will not find [appellant] incompetent; and there will be no finding of incompetency"; awards attorneys' fees of $10,386.00 and $5,147.00, and guardian's expenses of $204.73; and orders that "after all costs, expenses and attorneys' fees have been paid by the Temporary Guardian out of the funds of the Estate of Willie Pearl Barr, the Temporary Guardian shall turn over all remaining funds to Willie Pearl Barr . . . ."

A final judgment cannot be rendered on a settlement agreement if consent of one of the parties is lacking. "It is not sufficient to support the judgment that a party's consent thereto may at one time have been given; consent must exist at the very moment the court undertakes to make the agreement the judgment of the court." *Burnaman v. Heaton,* 150 Tex. 333, 240 S.W.2d 288, 291 (1951). Additionally, such judgment must be in strict or literal compliance with the agreement. *Vickrey v. American Youth Camps, Inc.,* 532 S.W.2d 292 (Tex.Sup., 1976).

Although the judgment is dated January 15, 1976, and recites that it was signed on April 23, 1976, the record shows without question that it was not actually rendered as to the amounts of attorneys' fees awarded in it until the latter date. It must be reversed for two reasons: First, it is clear under the record that appellant never

agreed to the amounts of attorneys' fees allowed by the court. Second, before the judgment was finally rendered the court knew that appellant had disavowed her agreement to pay attorneys' fees and that she had expressed dissatisfaction with the agreement to give up ownership of her certificates of deposit. We notice, also, that although the judgment recites a finding that appellant is not incompetent, it does not contain the express adjudication that she is competent agreed upon by the parties as a part of their settlement.

We do not rule upon appellant's remaining contentions.

The judgment is reversed and this cause is remanded to the trial court..