James Herrin GRIFFIN, Temporary Guardian of the Estate of Willie Pearl Barr, Incompetent, Appellant,

v.

Willie Pearl BARR, Appellee.

No. 19822.

Court of Civil Appeals of Texas, Dallas.

Aug. 9, 1979.

Rehearing Denied Oct. 1, 1979.

John W. Henvey, Office of Timothy E. Kelley, Dallas, for appellant.

Burt Berry, Dallas, for appellee.

Before GUITTARD, C. J., and CARVER and HUMPHREYS, JJ.

CARVER, Justice.

Following the termination of a temporary guardianship proceeding, a jury trial was conducted in the probate court to fix the reasonable and necessary expenses, including attorneys' fees, to be allowed to the temporary guardian. The probate court entered its judgment on the jury's verdict and the temporary guardian appeals. The temporary guardian asserts that the probate court erred in submitting the issues to the jury, in submitting the amount of attorney's fees to the jury, and that, in any event, there was no evidence to support the jury's findings. We affirm the trial court's judgment on the grounds that the conduct of a trial on these issues was directed by the mandate following a prior appeal, that the right to trial by jury on issues at the request of either party was mandatory, and that the jury's verdict was supported by the evidence.

A detailed history of the dispute leading to the present case may be gained from the prior appeal styled *Barr v. Griffin*, 554 S.W.2d 305 (Tex.Civ.App.—Waco 1977, no writ). Briefly, a daughter-in-law of the

alleged incompetent instituted these proceedings and secured an ex parte appointment of a temporary guardian. By the time of the first evidentiary hearing, the parties were satisfied to announce to the court a settlement terminating the guardianship and reserving to the court the later determination of necessary expenses, including attorneys' fees, incurred by the temporary guardian. The settlement was subsequently repudiated by the alleged incompetent. Nevertheless, the probate court entered its order fixing expenses and attorneys' fees without any further agreement or evidence. On the former appeal, the trial court was directed to hear evidence on these issues, and we hold that there was no error in so doing.

■ The trial court in response to the prior mandate, and upon a timely jury demand by the alleged incompetent, tried the issues to a jury as directed by Tex.Prob. Code Ann. § 21 (Vernon 1973) which states:

In all contested probate and mental illness proceedings in the district court or in the county court or statutory probate court, county court at law or other statutory court exercising probate jurisdiction, the parties shall be entitled to trial by jury as in other civil actions.

Appellant asserts that, notwithstanding section 21, the particular issue of attorneys' fees has been reserved to the "court," meaning the trial judge as opposed to the jury, by Tex.Prob.Code Ann. § 242 (Vernon 1955) which states:

Personal representatives of estates shall also be entitled to all necessary and reasonable expenses incurred by them in the preservation, safe-keeping, and management of the estate, and in collecting or attempting to collect claims or debts, and in recovering or attempting to recover property to which the estate has a title or claim, and all reasonable attorney's fees, necessarily incurred in connection with the proceedings and management of such estate, *on satisfactory proof to the court.* [Emphasis added].

The question presented to this court is whether the legislature, by amending sec-

tion 21 of the Probate Code in 1973 to provide for trial by jury of "all contested probate and mental illness proceedings" in the probate court, intended to include all issues of fact previously tried "to the court" but appealable and triable de novo with a jury in the district court. We conclude that this was the evident legislative intent.

We note that before abolition of trials de novo, the practice in probate was well established to appeal and try in the district court issues concerning allowances for attorneys' fees and other expenses of guardians and administrators. *Salmon v. Salmon,* 395 S.W.2d 29 (Tex.1965); *Rowe v. Dyess,* 213 S.W. 234 (Tex.Comm'n App. 1919, holding approved); *Legler v. Legler,* 189 S.W.2d 505 (Tex.Civ.App.—Austin 1945, writ ref'd w. o. m.); *Dallas Joint-Stock Land Bank v. Maxes,* 112 S.W.2d 305 (Tex.Civ.App.—Dallas 1937, no writ); *Mathews v. Autry,* 65 S.W.2d 798 (Tex.Civ.App.—Austin 1933, no writ); *Morton's Estate v. Ferguson,* 45 S.W.2d 419 (Tex.Civ.App.—Eastland 1932, writ ref'd). In some of these cases, the issue of the amount of an attorney's fee was submitted to the jury in the district court as in *Salmon* and *Mathews.* So far as we have been able to discover, this practice was never questioned. Presumably, the practice was familiar to the legislature in 1973 when it amended section 21 to provide for trials by jury in the probate court. No indication of an intent to restrict the issues to be tried by jury can be found in the 1973 statute. Indeed, an intention not to impose such a restriction is made clear by the language granting that right in "all contested probate and mental illness proceedings." Moreover, the phrase "to the court" in section 21 does not necessarily require trial by the judge without a jury because a jury, when demanded, is part of the court. *Ex parte Lowery,* 518 S.W.2d 897 (Tex.Civ.App. —Beaumont 1975, no writ). Accordingly, we hold that the trial court did not err in trying these issues to the jury.

No problem arises concerning legislative power to require a jury trial of these issues in view of our decision in *Welch v. Welch,* 369 S.W.2d 434 (Tex.Civ.App.—Dallas 1963,

no writ). In that case, an attack was made on the constitutionality of a statute granting the right of trial by jury in child custody cases which had previously been tried by the judge without a jury. This court rejected that contention and held that where the legislature so directs, equity proceedings shall include a jury. Since a guardian is not a creature of equity, but one of statute, we have even less reason to avoid the legislative direction to provide for a jury trial in all contested probate and mental illness proceedings.

Appellants also urge, apart from a construction of the Probate Code, that a temporary guardian is to be likened to a receiver whose fees must be fixed by the court apart from the jury as prescribed by this court in *Bergeron v. Sessions*, 561 S.W.2d 551 (Tex.Civ.App.—Dallas 1978, writ ref'd n. r. e.). That case is distinguishable in the light of our discussion of the former trial de novo practice. Administrators and guardians who have been subject to detailed statutory regulation differ from receivers, who have always been supervised by the appointing court under the customs and usages of equity. The cited opinions show that the probate court's control of administrators and guardians was not personal to the probate judge, but was subject to revision on appeal and trial de novo by the district court, sitting with a jury if demanded. Consequently, the considerations which led this court in *Bergeron* to deny the right to a jury trial with respect to the fees of receiver and his attorneys can have no application to personal representatives appointed under the provisions of the Probate Code.

As to the amount of the attorneys' fees, the appellant asserts that the probate court's fact finding as to reasonable attorneys' fees in the earlier judgment was not challenged before the court of civil appeals in *Barr*; hence, upon remand, only the right to fees was the proper subject of trial. We conclude that the appellant has misread the opinion of the court in *Barr*. That court condemned any reliance upon the agreement of the parties concerning either the right to or the amount of fees, because the agreement had been repudiated. In particular, *Barr* held:

Although the judgment is dated January 15, 1976, and recites that it was signed on April 23, 1976, the record shows without question that it was not actually rendered as to the amounts of attorneys' fees awarded in it until the latter date. It must be reversed for two reasons: First, it is clear under the record that appellant never agreed to the *amounts* of attorneys' fees allowed by the court. Second, before the judgment was finally rendered the court knew that appellant had disavowed her agreement to *pay* attorneys' fees and that she had expressed dissatisfaction with the agreement to give up ownership of her certificates of deposit. [Emphasis added].

554 S.W.2d at 306–307. After the repudiation of the agreement, the probate court had neither the settlement nor any record which would support the assessment of a fee in any amount. The remand left for trial both the right to attorneys' fees and expenses as well as the true amount thereof, in an adversary proceeding, in which either party was entitled to a jury upon demand.

▪ Appellant further urges that there was "no evidence" to support the amount of the jury's award in that the only testimony before the jury was the uncontested testimony of attorneys Kelly and Holloway, who gave opinions on amounts far in excess of the amounts awarded by the jury. Thus, it is urged that the amount of a proper attorneys' fee was established conclusively by the evidence. *O'Neil v. Mack Trucks, Inc.*, 542 S.W.2d 112 (Tex.1976). To the contrary, our Supreme Court has held that opinion evidence as to attorneys' fees is not conclusive and it is the province of the jury to determine the reasonable value of an attorney's services. *Gulf Paving Co. v. Lofstedt*, 144 Tex. 17, 188 S.W.2d 155 (1945). It is also the rule that attorneys testifying as to reasonable attorneys' fees assessing their own work, and for whose benefit the award is sought, are "interested witnesses" whose "believability cannot be forced upon the jury." *Aetna Casualty &*

*Surety Co. v. Moss*, 336 S.W.2d 748 (Tex. Civ.App.—San Antonio 1960, no writ). The jury is free to believe all or none of such testimony or to accept it in part while rejecting another part. *Freeman v. Shannon Construction, Inc.*, 560 S.W.2d 732 (Tex.Civ. App.—Amarillo 1977, writ ref'd n. r. e.). Since the jury had before it only the testimony of Kelly and Holloway and did award each of them a sum of money under a proper issue and instruction of the probate court, it is clear the jury did not reject all of their testimony, but neither did the jury believe all of their testimony. The jury believed some of the testimony of Holloway and Kelly resulting in their award. The appellant's point of error is "no evidence" point and we conclude there was evidence by Kelly and Holloway to support the jury's verdict. No point is urged invoking our fact jurisdiction to determine whether the verdict is against the great weight and preponderance of the evidence.

The judgment of the trial court is affirmed.

### ON REHEARING

Appellant's motion for rehearing reurges the point that the jury's award of attorney's fees is against the great weight and preponderance of the evidence. We have reviewed the record and we conclude that the jury's verdict is not so against the great weight or preponderance of the evidence as to be manifestly unjust or clearly wrong, nor was the result of passion, prejudice, or improper motive, and that it was not in obvious conflict with justice so as to render it unconscionable. *Simmes v. Price*, Dallam Dig., 618 (Tex.1844); *Bowen v. Merrit, Inc.*, 417 S.W.2d 313 (Tex.Civ.App.—Fort Worth, 1967, no writ).

Rehearing denied.