## GREER'S ESTATE v. COOPER et al.
### No. 3817.

Court of Civil Appeals of Texas. Amarillo.
May 4, 1932.

Rehearing Denied June 1, 1932.

Hugh L. Umphres, of Amarillo, for appellant.

Cooper & Lumpkin, of Amarillo, for appellees.

HALL, C. J.

D. J. Greer died testate in Potter county, Tex., December 27, 1930. The appellees had represented the deceased as attorneys in all of his legal matters for a number of years prior to his death. His surviving wife, Mrs. Rena Greer, and his two sons, Horace and Hugh, returned to Amarillo after the burial of Greer in Tennessee, and asked A. A. Lumpkin, the partner of appellee Cooper, to come out to the home and look over the papers left by the deceased with his widow and two sons. This was done, and in looking over his papers the will of D. J. Greer was found in an envelope which contained certain notes. The will appointed the surviving wife and Horace Greer executors of the estate without bond. At this time attorney Lumpkin was asked what his firm would charge to probate the will. Lumpkin replied that his fee would be reasonable, and that the county court would generally have to pass on it, and that he would leave the reasonableness of the fee to be fixed by the county judge. On account of being a residuary legatee in the will, Horace Greer was undecided as to whether he would qualify until he could ascertain whether the notes found with the will, amounting to about $22,000, were valid. After being advised that they were invalid, appellees were directed to proceed and probate the will.

This was done in a manner satisfactory to the appellants and to the court, and the surviving widow and son Horace were appointed joint executors. Appraisers were appointed, who valued the estate at about $70,000. Their report was approved, application by the executors for the payment of certain expenses was allowed by the court, and further orders relating to the property were made from time to time.

Horace Greer and the surviving widow, who was his stepmother, did not get along amicably, and he demanded that she resign. When this was brought to the attention of appellees, the executors were informed that, if Mrs. Greer resigned, they would also cease to act as attorneys for the estate.

At the request of Mrs. Greer, they prepared her application to resign, which contained a full report of her stewardship, and the application was duly granted.

After the resignation of Mrs. Greer had been accepted by the court, appellees made an application to the court for a reasonable attorneys' fee for services rendered by them to the executors, stating that at the time of their employment no fee was agreed upon, but that it was understood and agreed between the executors of the estate and the attorneys that the amount of the fee would be a reasonable one to be fixed by the judge of the probate court of Potter county. Horace Greer, as sole executor, contested the allowance of a reasonable fee upon the ground that no opportunity had ever been given the executors to pass upon the amount, and no claim had been filed with him for allowance. The county court heard the matter, and decided that a reasonable fee would be the sum of $1,500, directing that it be paid by the executor in the due course of administration. Horace Greer appealed to the district court of Potter county. Upon a trial of the case de novo in that court, there was a verdict and judgment for the sum of $1,450, with interest at 6 per cent. and costs. From that judgment this appeal is prosecuted.

The appellant assigns as error that the court committed fundamental error in trying the issue between the parties, because the court had no jurisdiction. No contention is made as to the reasonableness of the fee or that the appellees failed in the least to perform their duties as attorneys in a competent and proper manner.

It will be observed that the contract made between the executors and appellees was for a reasonable attorneys' fee to be fixed by the probate judge. Until the services had been rendered, the question of what would constitute a reasonable fee was uncertain and impossible of ascertainment, for which reason appellees could not file a verified claim for attorneys' fees, and in such cases they are not

required to do so. In his brief appellant states that the evidence as to the amount of a reasonable fee was practically uncontroverted, and no question is raised as to the sufficiency of the evidence to support the findings of the jury.

R. S. art. 3691 provides: "Executors and administrators shall also be allowed all reasonable expenses necessarily incurred by them in the preservation, safe-keeping and management, of the estate, and all reasonable attorney's fees, that may be necessarily incurred by them in the course of the administration."

By reason of the particular terms of the contract of employment, appellees could not make the affidavit provided for by R. S. art. 3514, and the courts have held that they were not required to do so.

As said in Hume v. Perry (Tex. Civ. App.) 136 S. W. 594, 596: "While the language of the statute is general, it is sufficiently comprehensive in terms to include all claims for money against the estate of a deceased person, the courts have limited its application to those where the amount claimed is fixed and definite, not contingent or indeterminate, and which are susceptible of verification by affidavit."

We think a proper judgment has been rendered, and it is affirmed. National Guarantee Loan & Trust Company v. Fly, 29 Tex. Civ. App. 533, 69 S. W. 231; Bell v. Goss, 33 Tex. Civ. App. 158, 76 S. W. 315; Rowe v. Dyess (Tex. Com. App.) 213 S. W. 234.

Affirmed.