### WYATT et al. v. MORSE et al.

No. 13411.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 2, 1936.

Rehearing Denied Oct. 30, 1936.

R. G. Scurry, of Dallas, for appellants.

W. M. Short and J. E. Whitmore, both of Fort Worth, for appellees.

BROWN, Justice.

The sole question in the instant suit is whether or not appellants' secured claim and debt, held against the estate of deceased, John A. Jackson, under the provisions of article 3515a, Vernon's Ann. Civ.St., passed by the 42d Leg., 1931, c. 52, and those of amended article 3531, as passed by the same Legislature (chapter 234, § 1 [Vernon's Ann.Civ.St. art. 3531]), takes priority over the funeral expenses and those incurred in the administration of the estate and in the preservation, safekeeping, and management thereof, as respects the property on which the lien is claimed.

The trial court denied such priority, and from such judgment the appeal is taken.

Appellee objects to the consideration of appellants' first assignment of error and its supporting proposition because the assignment is a general statement which may be made applicable to any and every similar case and complains of no act or ruling by the trial court in this particular case. The objection is well taken.

The complaint leveled against the proposition is that it is a mere abstraction. This objection is well taken.

We will consider the second assignment of error and its supporting proposition.

In construing articles 3515a and 3531, as passed by the Legislature at the same session, the last-mentioned article, as amended, having been passed last and approved last, we hold that the claims for funeral expenses and expenses of administration and in the preservation, safekeeping, and management of the estate must be paid first, and secured claims paid thereafter.

If there is any advantage to be gained by the secured creditor filing his claim and asking that it be paid out of the specific property on which he has a lien, as is urged by appellant, under the provisions of article 3515a, we think that the advantage is found in the fact that if the property involved and the other assets of the estate be found to be worth more than the debt against it and the funeral expenses and expenses of administration, preservation, etc., of the estate, the secured creditor can be paid out of the proceeds of the sale of such property and not be compelled to wait until all or practically all of the estate is administered upon before his judgment is satisfied. If there is any other reason for, or intent to be found in, section 1 of article 3515a, we are unable to see it.

We had this identical question before us in the case of Horn v. Richardson, 90 S.W.(2d) 886, where we held adversely to the contention made by appellants in the instant case.

The judgment of the trial court is affirmed.