## DALLAS JOINT-STOCK LAND BANK IN DALLAS v. MAXEY et al.

No. 12269.

Court of Civil Appeals of Texas. Dallas.

Nov. 6, 1937.

Rehearing Denied Dec. 24, 1937.

McCombs, Andress & Johnson, of Dallas, for plaintiff in error.

Jot Horton, of Sherman, for defendants in error.

YOUNG, Justice.

J. M. Maxey is the duly appointed and acting administrator of the estate of Peter Parnell Fay, deceased, and has been since the summer of 1933, under appointment of the probate court of Grayson county, Tex. When administration was taken out, the estate consisted of 271 acres of land, and after 101 acres were set apart as the homestead of the wife, Mrs. Maude Fay, and an unmarried daughter, Thelma Fay, there was no other clear land or property belonging to the estate except rents, out of which were paid funeral expenses in full, court costs, and widow's allowance in part.

The remaining real estate, 170 acres, was under mortgage to appellant Land Bank, under two separate deeds of trust, one covering 40 acres, and one covering the 130 acres, which is the principal subject of this appeal. The debt against each tract is admittedly equal to the full value thereof; the 40-acre tract not appearing to be in possession of the administrator. The probate court authorized the appointment by the administrator of Mr. Jot Horton of Sherman as attorney, and numerous transactions and services appear in the record as having been performed and rendered by said appellee administrator and attorney during the following two years. On September 30, 1933, the deed of trust indebtedness of appellant Land Bank against the said 130 acres of land, in the amount of $7,843.82 and interest, was allowed and classified as a third-class claim.

On December 22, 1934, the probate court authorized the sale of the 130-acre tract by the administrator, at public or private sale for cash, or on terms, as provided by law. On February 12, 1935, said administrator sold said 130 acres to the appellant Land Bank for $7,843.82, with 8 per cent. interest added, the whole amount being $8,706.62, the report of sale reciting that the same was for cash, subject to rental contract for the current year. On March 5, 1935, by order, the probate court approved this report of sale to the Land Bank for $8,706.62 cash, and provided for delivery of deed by the administrator upon compliance with such terms by the purchaser Land Bank. On April 17, 1935, the above sale not being consummated, administrator Maxey filed a motion in probate court to set aside same, and for authority to make resale. On April 18, 1935, appellant Land Bank filed motion reciting that it was desirous of completing sale for the amount of its secured claim and debt of $8,706.62; that said amount should be credited on such sale; and that it be required to pay into court only the expense incidental thereto, which sum, when determined, it would tender in cash, and demanded a deed from the administrator upon such terms. This motion of the Land Bank was resisted by the administrator on many grounds, but in the main, that reasonable fees for the attorney and the administrator were proper items of cost of the estate, in addition to court costs; that the amount of said claims should be fixed and allowed as expenses of said adminis-

tration; that such expenses, when fixed, were superior to the secured claim of the Land Bank, and should be paid before the, delivery of deed to the said 130 acres by the administrator. Judgment on said motion was rendered by the probate court on April 18, 1935, finding there to be ·no unincumbered property belonging to the estate out of which expenses of administration could be paid, and that the funds and proceeds from the sale of the 130 acres were accordingly liable therefor. The fees of appellee administrator and attorney were then fixed at $300 and $600, respectively, court costs of $89, a total of $989; each item above being fixed as a preferred claim to that of the secured claim of the Land Bank and ordered paid in money to the administrator before delivery of deed. On May 7, 1935, appellant Land Bank filed with the administrator an instrument crediting its claim of $8,706.62 with $7,717.62, leaving a balance of claim against the estate of $989.

On appeal to the district court and trial, judgment was rendered substantially similar to that of the probate court, except reasonable attorney's fees were fixed at $500, and ordering said fees in the amount of $800 and unpaid court costs to be charged against the fund derived from the sale of said 130 acres, from which judgment this appeal is taken.

Appellant's first proposition is, in substance, that general expenses of administration are not chargeable against mortgaged property, nor is the fund derived from the sale of mortgaged property subject to being mulcted for general expenses of administration, and is only subject to expenses and fees incidental to making the sale; nor could all of the court costs be so charged, in view of the fact that there were unpaid allowances for the maintenance of the widow and in lieu of homestead property due by the estate.

Article 3531, R.S. (3458) chapter 19 under Estates of Decedents, as amended, Acts 1931 by the 42nd Legislature, Vernon's Ann.Civ.St. art. 3531, provides in part:

"The claims against an estate shall be classed and have priority of payments as follows:

"1. Funeral expenses and expenses of last sickness for a reasonable amount, to be approved by the County Judge, not to exceed the sum of Five Hundred ($500.00) Dollars; any excess to be classified and paid as other unsecured claims.

"2. Expenses of administration and expenses incurred in preservation, safekeeping and management of the estate.

"3. Claims secured by mortgage or other liens so far as the same can be paid out of the proceeds of the property subject to such mortgage or other lien, and when more than one mortgage or lien shall exist upon the same property the oldest shall be first paid; but no preference shall be given to such claims secured by mortgage or other lien further than regards the property subject to such mortgage or other lien."

Article 3492, R.S. (3420), as amended by the Acts of 1931, 42nd Legislature, Vernon's Ann.Civ.St.· art. 3492, reads: "If property upon which there is a valid subsisting lien or encumbrance, shall be set apart to the widow or children as exempt property, or appropriated to make up allowances made in lieu of exempt property or for the support of the widow or children, the debts secured by such lien, shall if necessity requires, be either discharged or continued as against such property. This Article applies to all estates, whether solvent or insolvent."

Articles 3483 and 3500, R.S., provide that allowances for the widow and minor children, and in lieu of exempt property, shall not be liable for any debts of the estate, except funeral expenses and that of last illness.

It has been long settled that a mortgage is a claim for money that must be presented to the administrator and probate judge for allowance, and, when the statutory steps have been taken thereon, it becomes a preference lien over debts which are not secured by lien, but subordinate in classification to funeral expenses, etc., and expenses of administration. Robertson's Adm'x v. Paul, 16 Tex. 472; Taylor v. Williams, 101 Tex. 388, 108 S.W. 815. It is equally a rule of long standing in this state that general expenses of administration are chargeable against mortgaged property, or against the proceeds derived from the sale of mortgaged property, only in case there be no unincumbered property belonging to the estate, out of which court costs and expenses of administration can be paid. Rodgers v. Sturgis National Bank, Tex.Civ.App., 152 S.W. 1176. Appellant Land . Bank concedes this, in effect, but argues that since the amendments to article 3492 (3420) of 1917 and 1931, Vernon's Ann.Civ.St. art. 3492, the property secured by a mort-

gage lien (third-class claim) cannot be reached by expenses of administration (second-class claim) so long as unpaid allowances exist in favor of the widow and minor children. This contention seems to be completely rebutted by a cursory reading of the statutes, that though the widow's allowance is superior to all debts, except those mentioned in the law, yet same can never be set aside out of "property upon which there is a valid subsisting lien or encumbrance." Article 3492, R.S. Under the decisions above stated, there are many instances where administration expenses, under its prior classification, are paid out of the proceeds of mortgaged property. In fact, article 3536, R.S., plainly states that, "Whenever an executor or administrator has in his hands the proceeds of a sale that has been made for the satisfaction of a mortgage or other lien, and such proceeds, or any part thereof, are not required for the payment of any debts against the estate that have a preference over such mortgage or other lien," then such proceeds may be paid to the creditor having a right thereto, etc.

We deem it proper to add here that the Legislature has seen fit to ameliorate the harshness of the law, relative to requiring property mortgaged to the limit of its value respond to the payment of expenses of administration, by the following amendment to article 3515, R.S.1925. This amendment is in the present form of article 3515a, Vernon's Ann.Civ.St., Acts 1931 of the 42d Legislature, page 79, chapter 52, and provides, in part:

"Sec. 1. That in addition to the matter contained in the affidavit provided for in Articles 3514 and 3515 of the Revised Civil Statutes of 1925, when a secured claim against an estate is presented, the claimant shall specify therein:

"(a) Whether it is desired to have the claim allowed and approved as a matured secured claim to be paid in due course of administration, in which event it shall be so paid if allowed and approved, or

"(b) Whether it is desired to have the claim allowed, approved and fixed as a preferred debt and lien against the specific property securing the indebtedness and paid according to the terms of the contract which secures the lien, in which event it shall be so allowed and approved if it is a valid lien, provided, however, that the executor or administrator may pay said claim prior to maturity if it is for the best interest of the estate to do so. * * *

"Sec. 3. When an indebtedness has been allowed and approved under Subsection (b) of Section 1 hereof no further claim shall be made against other assets of the estate by reason thereof, but the same thereafter shall remain a preferred lien against the property securing same and the property shall remain security for the debt in any distribution or sale that may be made of it prior to final maturity and payment of the debt."

It will be noted that, when the claimant elects to proceed under subdivision (b) above, his debt becomes a preferred claim against the specific property securing same, payable according to the terms of the contract securing the lien. In such event, the mortgaged property is not subject to general administration expenses under the recent decision of the Supreme Court, Wyatt et al. v. Morse et al., 102 S.W.2d 396, 398. The above case reversed the Court of Civil Appeals' decision, reported in 97 S.W.2d 336, which had held that claimants under said subdivision (b) were still subject to the administration expenses under construction of articles 3515a and 3531, both as amended by the Acts of 1931 of the 42d Legislature, Vernon's Ann.Civ.St. arts. 3515a, 3531. The holding of Judge Taylor of the Commission of Appeals, supra, is that claimants proceeding under subdivision (a), wherein the secured claim has been approved as against the entire assets of the estate, remain subject to administration expenses, while those following the provisions of subdivision (b) do not. We quote from the Supreme Court case under discussion, as follows:

"Clearly, had plaintiffs elected to proceed under subsection (a), § 1, art. 3515a, their claim would have been against the entire assets of the estate, and, being against the estate and not the specific property securing the lien, would have been classified under article 3531 as a third class secured claim, to be paid in accordance with the provisions of article 3533, relating to priority of payment, and upon sale of the property securing the claim the provisions of article 3536 would have applied; that is, the procedure prior to 1931 would have been applicable had the plaintiffs so elected.

"It is a very different procedure that is provided by the act under consideration, however, when the secured claimant elects,

as plaintiffs did in the present case, to proceed under subsection (b) § 1, art. 3515a. It will be noted that the 1931 act provides that in such case the claim, when allowed and approved, remains a preferred lien against the property securing the debt. It is not a preferred lien against the estate, but against the specific property securing the indebtedness. The preference thus provided is not one which the court is authorized to make by virtue of a legislative pattern for classification of claims theretofore laid down, but is a legislative declaration of preference which is accorded holders of secured claims who elect to proceed against the specific property securing the claim rather than against the entire property of the estate. In return for this preference the claimants so electing are required to forego making further claim against other assets of the estate."

Appellant Land Bank made no such election at the time it filed its claim with appellee administrator, and is hence not entitled to the beneficial provisions of the present laws, as they have been above construed. We overrule appellant's above proposition, relating to its first four assignments of error.

■ Appellant's second and third propositions of law are to the effect that the allowance of $300 to appellee as administrator is excessive, and that the administrator is not entitled to more than the statutory 5 per cent. commission, in the absence of a showing of special benefit and verified itemized claim. Its remaining propositions relate to the fee of $500 allowed the attorney for the administrator herein, contending that same were in nowise chargeable to the estate, and not valid because same is not in the form of a verified claim, or in the administrator's sworn expense account.

Taking up these propositions in inverse order, we conclude those relating to the allowance of attorney's fees should be overruled. The agreement of the attorney with the administrator was not for a stipulated amount, but only in such an amount as may be fixed by the court. Appellant invokes strict application of articles 3514, 3515, R.S., where the administrator in the probate court is prohibited from allowing claims for money against the estate, without affidavit, etc., but the provisions of article 3691, R.S., should also be considered, providing as they do for the allowance to administrators, as part of his expense, such reasonable attorney's fees as may be necessarily incurred in the management of the estate.

In Greer's Estate v. Cooper, 50 S.W.2d 345, 346 (Amarillo Court of Civil Appeals, writ refused), where a similar contention as to attorney's fees was made, we quote from the opinion of Judge Hall, as follows:

"By reason of the particular terms of the contract of employment, appellees could not make the affidavit provided for by R.S. art. 3514, and the courts have held that they were not required to do so.

"As said in Hume v. Perry, Tex.Civ. App., 136 S.W. 594, 596: 'While the language of the statute is general, it is sufficiently comprehensive in terms to include all claims for money against the estate of a deceased person, the courts have limited its application to those where the amount claimed is fixed and definite, not contingent or indeterminate, and which are susceptible of verification by affidavit.'

We have carefully read the cases relied upon by appellant, with especial reference to Morton's Estate v. Ferguson, 45 S.W. 2d 419 (Eastland Court of Civil Appeals, writ refused), and Armstrong v. Anderson, (El Paso Court of Civil Appeals), 55 S. W.2d 235, 240. The Armstrong Case, citing the opinion of Judge Funderburk in the above case of Morton's Estate, says that: "We might say there are two methods under our statutes by which a claim for allowance of attorney's fee may be allowed. One is by allowance of a fee directly to the attorney; in such instance his claim must be verified, docketed, allowed by the administrator, and approved by the court. When that method is pursued, the approval of the court of such claim has the effect of a final statutory judgment. The other method is where the administrator may employ an attorney, and as an expense of administration present such claim for reimbursement, and, when allowed, the allowance is not to the attorney, but to the administrator. Rev.Civ. Statutes 1925, art. 3691."

The fee to the attorney under the record was allowed as a claim, both by the administrator and the county judge, and classified as one of the second class. As to verification, same was fixed by the probate court upon motion and hearing before all interested parties, as we can assume, upon sworn or other competent testimony. We conclude this to be in substantial com-

pliance with the statutes, in view of the holding in Greer's Estate v. Cooper, supra.

We find there was sufficient evidence before the trial court on which to base the amount of $350 attorney fees, for services in the estate proper, and $150 for representing the administrator in the Dallas county district court case.

By analogy, the same conclusion should apply to the administrator's compensation of $300; but we find the law quite different when applied to the facts before us. This is an insolvent estate. The administrator's report shows total receipts of $636 and disbursements of $631. The only claim paid in full was that for funeral expenses. Of the allowance to the widow and minor child, and in lieu of homestead property in the sum of $1,100, only the amount of $190 has been paid. The administrator Maxey is a creditor of the estate of the fourth class. His fee of $300 was allowed and classified by the county judge on May 15, 1935, following the hearing thereon previously referred to. His fee was allowed in a lump sum, without itemization or detail, obviously proceeding under the terms of article 3514 as an approved prior claim.

We conclude, from a careful scrutiny of the statutes, as well as decisions bearing on this point, that only in exceptional cases can an administrator receive additional compensation under the above procedure. That an administrator must look solely to the provisions of articles 3689, 3691, R.S., and article 3690, as amended by Acts 1931, c. 235, § 1, Vernon's Ann.Civ.St. arts. 3689, 3690, 3691, with respect to his remuneration in the usual case of administration is, we believe, the rationale of the decisions. Judge Holt, in his Restatement of Simkins on Administration of Estates in Texas, says: "The statute leaves open to the discretion of the court the matter of determination of compensation, if any, to an executor or administrator for extra personal services rendered to the estate. Such extra services may be compensated by the court when shown to have been necessary and performed"—citing Adriance v. Crews, 45 Tex. 181; Dwyer v. Kalteyer, 68 Tex. 554, 564, 5 S.W. 75; Stonebraker v. Friar, 70 Tex. 202, 7 S.W. 799; James v. Craighead, Tex.Civ.App., 69 S.W. 241; McShan v. Lewis, 33 Tex.Civ.App. 253, 76 S.W. 616. Yet none of these cases can be relied upon as authority under the facts here. Adriance v. Crews, above, was re-

ported prior to the enactment of the present law, making the 5 per cent. intake and the 5 per cent. outgo the basis of the administrator's compensation. Dwyer v. Kalteyer was based on the old plantation statute, article 3427, R.S. (old 1931), not involved here; Stonebraker v. Friar was for certain personal services of the executor in looking after livestock, which bill was itemized and appeared in his expense account; James v. Craighead related to an allowance to a temporary administrator, and it is well settled that entirely different statutes apply; and in McShan v. Lewis, where the amount of $300 allowed by the trial court for "services rendered the estate," was stricken out on appeal in the following language: "The most of the account, in amount, is composed of two items that appear to be clearly indefensible—those for extra services and interest. There is no pretense of any itemization of either of them. We follow the statute, as construed by the case of Richardson v. Kennedy [74 Tex. 507, 12 S.W. 219] in sustaining all the objections to the account as presented by the several assignments of error, and striking the items from the account."

The administrator, Maxey, was officially engaged only in the ordinary and normal duties incident to renting and managing certain heavily incumbered farm property. He voluntarily assumed the duties of both temporary and permanent administrator, and his inadequate compensation results, not from the lack of his own diligence, but from the condition of the estate. The reason for the apparent strictness of the law in denying the right of a party situated as is appellee to such compensation, is well stated in Re Balbach, 66 A.L.R. 512, note: " * * * Denial of extra compensation to an executor or administrator who has kept up a business has been based upon some such ground as public policy, or absence of specific statutory authority to allow him any more than the commissions which are provided by statute (assuming the work itself to have been authorized), or upon his having simply performed work within the line of his duty, and having accepted the trust with the understanding that he would be paid only at the usual rates. * * *"

We do not find any authorities cited by appellee contrary to our conclusion that the trial court, under the statutes now applicable, and the facts before us, should

have limited the compensation of the administrator to the provisions of article 3689, R.S., that is, 5 per cent. of his receipts and expenditures, being the net amount of $63.35.

The judgment of the trial court will be accordingly reduced to the amount last stated as to the item of administrator's compensation, and, as reformed, is affirmed; all costs incident to this appeal to be taxed against defendant in error, J. M. Maxey, administrator of estate of Peter Parnell Fay, deceased.

Reformed and affirmed.