In Re GUARDIANSHIP of Bertie Noland
PRICE et al., Appellants,

v.

Kathryn Price MURFEE, Guardian,
Appellee.

No. 7645.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 31, 1966.

Rehearing Denied Dec. 5, 1966.

Sanders, Scott, Saunders, Brian &
Humphrey, Amarillo, for appellants.

Murfee & Hoover, Houston, Gibson,
Ochsner, Harlan, Kinney & Morris, Ama-
rillo, for appellee.

CHAPMAN, Justice.

It appears from the voluminous record be-
fore us that L. M. Price, deceased, and his
wife, Bertie Noland Price, accumulated an
estate of the total value of approximately
five million dollars located principally in
the North Plains of Texas, but partly in
New Mexico and Oklahoma, consisting of
land, cattle, oil and gas, banking, an insur-
ance business and investments.

L. M. Price died in 1955, leaving surviv-
ing him his wife, Bertie Noland Price (the
sole beneficiary under his will) and two
children, a son, W. N. Price, and a daugh-
ter, Kathryn Price Murfee.

W. N. Price died on October 4, 1964.
Surviving him as children were W. L.
Price, Jeanne P. Whittenburg, Lela Price
Coyle and Patricia Price Roberson.

On October 19, 1964, Kathryn Price Murfee, the only surviving child of L. M. Price and Bertie Noland Price, filed an application for Temporary Guardianship of the person and estate of her mother, then eighty-six years of age, alleging her to have been " * * · * bedridden and under the continuous care of medical doctors and nurses for a number of years and she is both physically and mentally incompetent to manage and handle her property, financial affairs and estate and that she is a person of unsound mind."

Mrs. Murfee was appointed Temporary Guardian of her mother on that same day. Apparently a suit then was filed by the children of W. N. Price contesting the permanent appointment of Mrs. Murfee as guardian of the person and estate of her mother and later withdrawn. The order of January 4, 1965, appointing her so states. The order of the probate court found the ward, as a matter of law, to be a person of unsound mind and that it would be to the benefit and interest of such ward and her estate that Mrs. Murfee be appointed as guardian and " * * * that the rights of persons and property will be protected by such appointment." The proper oath was taken and a bond of $100,000 was duly executed to bind the faithful discharge of the guardian's duties.

Subsequent to the dates above mentioned applications were filed in the probate court by the guardian for approval of professional fees incurred in the employment of accountants and attorneys and a contest thereto filed by the children of W. N. Price above named in their capacity as grandchildren of Bertie Noland Price, " * * * a person of unsound mind" challenging the jurisdiction of the probate court to approve such fees. The record does not reveal a contest to the first application of March 1, 1965, for approval of the guardian to pay the professional fees but only a contest to the application of September 29, 1965.

An order was entered by the probate court on November 1, 1965, allowing the payment of such professional fees with the exception of $1,000. The grandchildren named gave notice of appeal to the district court of the order just recited and mechanically perfected such appeal. In the district court a Plea in Abatement and Motion to Dismiss were filed by the guardian under the contention that such grandchildren " * * * have no right to maintain this suit in that no one of them is legally such an interested aggrieved person within the meaning of Section 28 of the Probate Code, V.A.C.S. of Texas, as to be permitted to contest the application of Kathryn Price Murfee, guardian of the person and estate of Bertie Noland Price, for approval and authority to pay statements for professional services rendered on behalf of such guardianship estate for the period of February 1, 1965, through September 15, 1965." Also a motion for request for commission to take deposition of the guardian was filed, contested on many grounds, and the contest sustained by the district court.

On January 4, 1966, the district court sustained the guardian's Plea in Abatement and Motion to Dismiss. Appeal is perfected to this court on points contending error of the trial court in not dismissing the guardian's application for authority to pay the professional fees because of lack of jurisdiction of the county court of Randall County sitting in probate to entertain such motion and error of the trial court in sustaining the guardian's Plea in Abatement and Motion to Dismiss. One point of error is also asserted for refusal of the trial court to admit testimony of a money claim by appellants against the ward. We shall first discuss the third point of error urged in the court's sustaining of the guardian's Plea In Abatement and Motion to Dismiss.

The objections to allowance of professional fees was filed by the parties named in their capacity as grandchildren of the ward and they admit by brief that the crux of their third point is the question as to whether they had such interest in the ward's estate and were persons aggrieved under the Probate Code of Texas so as to allow them

to appear or to appeal. No point is made of alleged error in considering questions in the district court not considered in the probate court, so that question is not before us.

All emphases shown hereafter are ours unless otherwise indicated.

Section 28 of the Probate Code (successor to Article 4318, V.A.T.S.) above referred to provides, inter alia: "Any person who may consider himself aggrieved by any decision, order, decree, or judgment of the court shall have the right to appeal therefrom to the district court of the county."

Appellants by brief admit the case of Craycroft v. Craycroft, Tex.Civ.App., 250 S.W.2d 458 is the only appellate authority construing Section 28, from which we have just quoted, since the probate code was adopted, and seeks to distinguish it on its facts from the instant case. There are some distinguishing facts, but it is worthy to note that the court said: "The primary question and, we think, the crux of this appeal, is that Wm. R. Craycroft is not legally such an 'interested' aggrieved party in the person and estate of his mother as to confer jurisdiction on the trial court on his petition to terminate the guardianship, alleging * * * in effect that his only interest in the matter is the natural inherent personal feeling of a son, with only a prospective inheritable interest in his mother's estate." The court then held:

"Only a person legally interested in an estate in which guardianship is pending may have any decision, order or judgment rendered by the probate court or the judge thereof, revised, corrected, or set aside. Such interest as the son bears to the ward does not qualify him as an 'interested' person as authorized by law to intervene in the probate court. Jones v. Eastham, Tex.Civ.App., 36 S.W.2d 538, writ refused. Obviously he has * * * no present legal rights in and to his mother's property involved as would be affected by said guardianship proceedings."

Jones v. Eastham cited in the Craycroft case and decided under former Article 4328, the predecessor article to Section 31 of the Probate Code, involved the question of whether a sister of the ward was such an aggrieved person as to entitle her to maintain a bill of review in the guardianship. The court said: "We hold that it is conclusively shown by the record that Mrs. Jones was not a party who could have been aggrieved at the judgment entered by the probate court in this suit," citing cases.

The Supreme Court of Texas, so far as we have been able to determine, has not constructed Section 28 of the Probate Code any further than to agree with the result in Craycroft. The reasoning in that case appears sound and we feel compelled to follow it until higher contrary authority is announced.

■ Appellants urge 3(r) of the Probate Code under "Definitions and Use of Terms" as authority that they are such aggrieved persons as to be entitled to contest the payment of the professional fees in question. We do not believe the legislature intended by such general definition of terms to enlarge the classes of persons who could challenge an order of the probate court in a proper guardianship proceeding. To do so would be to open "Pandora's Box" to a constant interference by legally disinterested persons, would greatly handicap the orderly business of the probate court, and incident thereto would create extra expenses and detriment to the properties of the ward.

■ The fourth point of appellants asserts error in refusing the testimony of W. J. Fellers seeking to show appellants had a money claim against the ward. The record shows both in the transcript and the statement of facts that the only pleading of asserted interest before the probate court and the district court was that appellants were grandchildren of the ward, which we have just held is not such interest alone as to entitle them to the contest they have sought to make. We do not believe such

pleadings would permit proof such as that tendered, to the effect that appellants were creditors of the ward. In referring to testimony excluded because it had no pleadings to support it, the Supreme Court of Texas in Bowles v. Fickas, 140 Tex. 312, 167 S.W.2d 741, has held: "The trial court did not err in excluding this testimony for the reason,—if for no other,—that same has no foundation in the pleadings." Many intermediate appellate courts have held likewise. Stone v. Boone, Tex.Civ.App., 160 S.W.2d 578, 581 (ref. w. m.); Gunnells Sand Company v. Wilhite, Tex.Civ.App., 389 S.W.2d 596 (N.R.E.); Bearden v. Coker, Tex.Civ.App., 291 S.W.2d 790 (N.R. E.). Accordingly, we believe appellants' fourth point is without merit.

If the cases we have cited and from which we have quoted are approved by our court of last resort, and we have properly interpreted the record, what we have said would require us to affirm the judgment of the trial court sustaining the Plea in Abatement and Motion to Dismiss. Nevertheless, we shall discuss appellants' first two points of error, which raise essentially the same question; i. e., the county court in Randall County (sitting in probate) lacked jurisdiction to enter the order for payment of professional fees.

Section 4 of the Probate Code provides, inter alia, that the county court shall have authority to " * * * transact all business appertaining to * * * guardianship." Section 242 provides:

"Personal representatives of estates shall also be entitled to all necessary and reasonable expenses incurred by them in the preservation, safe-keeping, and management of the estate, and in collecting or attempting to collect claims or debts, and in recovering or attempting to recover property to which the estate has a title or claim, and all reasonable attorney's fees, necessarily incurred in connection with the proceedings and management of such estate, on satisfactory proof to the court."

Appellants rely principally upon Morton's Estate v. Ferguson, Tex.Civ.App., 45 S.W. 2d 419 (writ ref.) for their authority to sustain their contentions under their first two points. That case was decided before the adoption of the Probate Code in Texas and must be construed under the former statutes. It does not concern guardians but construed statutes applying exclusively to executors and administrators. With respect to expenses allowed for executors and administrators necessarily incurred by them in the preservation, safekeeping, and management of the estate being administered, and all reasonable attorney's fees, the court quoted former Article 3691. Concerning the prescribed method for presenting claims for such fees former Article 4692 was quoted, which required expense charges should be in writing, verified by affidavit of the fiduciary, filed with the clerk and entered on the claim docket. However, at the time of the decision of Morton's Estate v. Ferguson, supra, the statute governing guardian and ward with respect to expenses incurred by the guardian for attorney's fees in the management of the guardianship was under a completely different title and involved completely different requirements. These statutes referred to may be found in the Appendix to Vernon's Annotated Civil Statutes, Vol. 17–B, Probate Code, beginning immediately preceding Page 359 and entitled "Appendix Former Probate Laws." The applicable statute for guardians in securing probate court approval for attorney's fees was former Article 4312 and only required that satisfactory proof be made to the court for reasonable attorney's fees necessarily incurred by the guardian in the preservation and management of the ward's estate. There is intermediate appellate court authority [1] to the effect that strict compliance with filing a claim for attorney's fees even under former title 69, Chapter 11 did not

1. Mathews v. Autry, Tex.Civ.App., 65 S.W.2d 798.

deprive the probate court of jurisdiction. The Austin intermediate court held:

"But, being governed by article 4312, R.S., compliance by Autry with chapter 11, title 69, relating to presentation and allowance of such claims, was not required. The value of such services not being capable of definite ascertainment in advance, Autry was not required to file his account as such claim. While a better course would perhaps have been to present such statement to the new guardian, failure to do so did not deprive the probate court of jurisdiction to act upon it. Greer's Estate v. Cooper (Tex.Civ. App.) 50 S.W.(2d) 345; Rowe v. Dyess, (Tex.Com.App.) 213 S.W. 234. The value of such services as Autry rendered and the necessity therefor were both primarily matters for determination by the probate court, rather than by the guardian; and the allowance therefor is in reality one to the guardian, rather than to the attorney. Rowe v. Dyess, supra. Clearly, therefore, the probate court had jurisdiction to pass upon the matter, and article 4312, R.S., makes it the duty of the court to determine by satisfactory proof the necessity for, and value of, the services rendered."

Additionally, this court in a later case than Morton's Estate v. Ferguson,[2] that involved executors, held that an attorney need not file a verified claim when he made application for reasonable attorney's fees for services rendered the estate. There, as in our case, the attorneys agreed to perform services for reasonable fees. This court in a "writ refused" case held:

"It will be observed that the contract made between the executors and appellees was for reasonable attorneys' fees to be fixed by the probate judge. Until the services had been rendered, the question of what would constitute a reasonable fee was uncertain and impossible of ascer-

tainment, for which reason appellees could not file a verified claim for attorneys' fees, and in such cases they are not required to do so."

The record here suggests there will be need for many more services of attorneys and accountants.

■ Guardianship letters were granted appellee on January 14, 1965. All professional fees submitted by the guardian in her application to the probate court were for services rendered after she was granted such letters. Therefore, if Subsection (b) of Section 317 of the Probate Code could be said to have legislated away the rules applied in Mathews v. Autry, supra, and Greer's Estate v. Cooper, supra, the exclusions of Subdivision (d) of Section 317 would appear to eliminate the requirement for filing claims by guardians under Subsection (b), wherein said Subsection (d) provided: "The foregoing provisions relative to the presentment of claims shall not be so construed as to apply to * * * any claim that accrues against the estate after the granting of letters for which the representative of the estate has contracted."

Though at first blush some of the attorney's fees appear to total large sums, the record shows that some of them were accumulated in the preparation for the filing of a law suit in Sherman County affecting the estate. An attorney of the firm with the claim for the largest amount testified in the record that there would be no double charges and in effect that the expenditures made in preparation for the filing of said law suit were included in the total of the claims filed.

We hold the district court properly sustained the Plea in Abatement and Motion to Dismiss filed by the guardians. We also hold that it did not err in refusing to dismiss the guardian's application for approval of professional fees or in refusing to vacate

2. Greer's Estate v. Cooper, Tex.Civ.App., 50 S.W.2d 345 (writ ref.).

the "Order for Payment of Professional Fees" entertained, rendered and entered by the probate court.

The judgment of the trial court is in all things affirmed.